UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03104-MWF (SP) | Date | October 30, 2023 |
|---|---|---|---|
| Title | MILORAD OLIC v. KEN CLARK, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why First Amended Petition Should Not Be Dismissed Because Ground One Is Unexhausted and Ground Two Is Not Cognizable**

On September 14, 2023, petitioner Milorad Olic filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "FAP"), challenging his denial of parole. This court having reviewed the FAP, it appears that the FAP is subject to dismissal because petitioner has not exhausted his state remedies with respect to Ground One in the FAP and his claim in Ground Two is not cognizable on federal habeas review. The court will not make a final determination regarding whether the FAP should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the FAP should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **November 29, 2023**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the FAP appears to be subject to dismissal and may assist petitioner in determining how to respond.

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03104-MWF (SP) | Date | October 30, 2023 |
|---|---|---|---|
| Title | MILORAD OLIC v. KEN CLARK, Warden | | |

alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

In this case, petitioner has raised two purported grounds for relief in the FAP: (1) petitioner never received any documentation for his parole hearing; and (2) he should not have been denied parole because he is deportable and therefore does not present a safety risk if released. The FAP indicates that petitioner raised Ground Two in habeas petitions filed in the Superior Court and California Supreme Court, both of which were denied. But the FAP further indicates that Ground One has not been raised in any state court, much less been ruled on by the California Supreme Court, and thus Ground One has not yet been exhausted. If this is correct, the FAP is subject to dismissal as a mixed petition raising both unexhausted and exhausted claims.

## Substantive Parole Challenges Are Not Cognizable

Ground Two constitutes a substantive challenge to petitioner's denial of parole by the California Board of Parole Hearings ("BPH"). In particular, petitioner claims the BPH erred in not granting him parole in light of his immigration status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03104-MWF (SP) | Date | October 30, 2023 |
|---|---|---|---|
| Title | MILORAD OLIC v. KEN CLARK, Warden | | |

As this court previously informed petitioner in its May 17, 2023 order addressing this same claim as raised in the initial petition in this case, substantive challenges to state parole decisions are barred by the United States Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011). In particular, a challenge to a parole denial based on the correctness of a California court's application of the state's "some evidence" standard of review of parole decisions is not cognizable on federal habeas review, since this is a matter of state law. *Cooke*, 562 U.S. at 221-22. "[I]t is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 221.

A state prisoner's federal due process rights in the parole context are very limited. In *Cooke*, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner seeking parole is entitled is the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), that is, to be allowed an opportunity to be heard, and to receive a statement of reasons for the denial. *Cooke*, 562 U.S. at 220. The Supreme Court observed that, where the records reflect that the prisoners were allowed to speak at the hearings and to contest the evidence, were afforded access to their records in advance, and were notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry." *Id.*

Here, petitioner does appear to make a procedural due process challenge to his parole denial in Ground One. But in Ground Two, he is simply arguing that the substantive determination that he presented a safety risk was incorrect given his immigration status. As stated in the May 17 order, federal habeas courts "cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254." *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011).

As such, petitioner's claim in Ground Two does not appear to be cognizable. Therefore even if unexhausted Ground One were dismissed, with only Ground Two the FAP would not raise a cognizable claim for habeas relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03104-MWF (SP) | Date | October 30, 2023 |
|---|---|---|---|
| Title | MILORAD OLIC v. KEN CLARK, Warden | | |

## Petitioner's Options

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to *pro se* litigants.'" *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)). But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a mixed petition. *See id.* at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice. *Pliler* does not allow us to require anything more."). Accordingly, the court presents petitioner with the following options to address the allegedly mixed nature of the petition:

**Option 1:**
If petitioner contends that Ground Two is in fact cognizable and he has in fact exhausted his state court remedies on Ground One, he should clearly explain this in a written response to this Order to Show Cause, which must be filed on or before **November 29, 2023**. Petitioner should attach to his response copies of any documents establishing that Ground One is indeed exhausted. (Petitioner may also file a response and include a notice that, if the court still finds the FAP to be mixed, he alternatively selects one of the other options discussed below.)

**Option 2:**
Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Option 3:**
Petitioner may request a voluntary dismissal of only the unexhausted claim (Ground One), and elect to proceed on only his exhausted claim (Ground Two). **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The court advises petitioner, however, that if petitioner elects to proceed now with only Ground Two, any future habeas petition containing Ground One or other claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03104-MWF (SP) | Date | October 30, 2023 |
|---|---|---|---|
| Title | MILORAD OLIC v. KEN CLARK, Warden | | |

that could have been raised in the instant petition may be rejected as successive (or may be time-barred). (Of course, petitioner will be able to proceed on Ground Two only if it is cognizable.)

**Option 4:**

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), petitioner may ask the court to stay all of the claims in a mixed petition while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust Ground One in state court earlier; and (b) show that Ground One is not "plainly meritless." *See id.* at 277. (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

**Option 5:**

Pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss Ground One and ask the court to stay his remaining, fully exhausted claim while he returns to the state courts to exhaust his dismissed claim. The court advises petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a *Kelly* stay, and include a notice that, if the court denies the *Kelly* stay, he alternatively selects one of the other options.)

**Caution**

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the court disagrees, the court may recommend that his FAP be dismissed as a mixed petition. In addition, if the court finds Ground Two to be not cognizable, the court may dismiss Ground Two in any event. Accordingly, as noted above, petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03104-MWF (SP) | Date | October 30, 2023 |
|---|---|---|---|
| Title | MILORAD OLIC v. KEN CLARK, Warden | | |

may select options in the alternative.

    In sum, in order to select Option 1, petitioner must file a written response to this Order to Show Cause. In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either *Rhines* or *Kelly*. With Options 1, 4, or 5, petitioner may select an alternative option in the event the court finds certain claims unexhausted and/or denies the request for a stay. And with Options 1, 3, 4, and 5, petitioner must also address the cognizability of Ground Two. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than November 29, 2023***.

    **The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that Ground Two be dismissed with prejudice as not cognizable, that Ground One be dismissed without prejudice as unexhausted, and/or that the FAP be dismissed without prejudice as a whole as mixed, for failure to prosecute, and/or for failure to obey court orders.**